IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANTHONY FALLON, | No. CIV.S-06-1030 LKK DAD PS |
| | No. CIV.S-06-1292 GEB DAD PS |
| Plaintiff, | No. CIV.S-06-1402 GEB DAD PS |
| | No. CIV.S-06-1492 MCE DAD PS |
| v. | No. CIV.S-06-1494 DFL DAD PS |
| UNITED STATES GOVERNMENT, | ORDER AND |
| Defendant. | FINDINGS AND RECOMMENDATIONS |
| _____/ | |

Plaintiff, proceeding in these actions pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. These proceedings were referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). While the proceedings have not been related or consolidated under the Local Rules, in the interest of judicial economy, the undersigned issues this Order and Findings and Recommendations in each of the above-listed actions.

For each of the above-listed actions, plaintiff has submitted an affidavit making the showing required by 28 U.S.C.

1

1  § 1915(a)(1).  Accordingly, the requests to proceed in forma pauperis
2  will be granted.
3       Plaintiff's handwritten complaints in these actions vary
4  from one to three pages in length, excluding exhibits.  Each of the
5  complaints names the same defendant, "United States Government," is
6  at least partially illegible and for the most part is unintelligible.
7  In sum, the complaint in No. CIV.S-06-1030 LKK DAD PS refers to Major
8  League Baseball, the use of anesthetics in dentistry and prays for
9  $200 billion in damages; the complaint in No. CIV.S-06-1292 GEB DAD
10 PS appears to be some sort of attestation by plaintiff that he "will
11 not touch ... any woman" in Tuolumne County and prays for $5
12 trillion; the complaint in No. CIV.S-06-1402 GEB DAD PS apparently
13 seeks the installation of an "underground cemetery system" in Death
14 Valley, California; the complaint in No. CIV.S-06-1492 MCE DAD PS
15 similarly seeks the installation of an "underground freezer cemetery
16 system" at the San Luis Reservoir; and, finally, the complaint in No.
17 CIV.S-06-1494 DFL DAD PS seeks $1 billion in damages arising from
18 plaintiff's interaction with a "county attorney" during unspecified
19 state court proceedings.  According to this most recent complaint,
20 "plaintiff has a number of State of California Superior Court cases
21 pending."
22      In any event, just like the other complaints plaintiff has
23 filed in this court over the last year or so,[1] no basis for federal

---

25  [1] These other complaints were filed in No. CIV.S-05-0509 MCE DAD PS; No. CIV.S-05-1431 LKK DAD PS; No. CIV.S-05-2132 MCE DAD PS; No.
26 CIV.S-05-2228 MCE DAD PS; and No. CIV.S-06-0416 MCE DAD PS.

2

jurisdiction is alleged in these most recent complaints.  Indeed, the undersigned finds that the court lacks subject matter jurisdiction over these actions.  See Bell v. Hood, 327 U.S. 678, 682 (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and "so patently without merit"); Hagans v. Levine, 415 U.S. 528, 543 (stating that a claim may be dismissed for lack of jurisdiction where it is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"). See also Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process.")(citations omitted).  Accordingly, the undersigned will recommend that these actions be dismissed with prejudice for lack of subject matter jurisdiction.  Based on plaintiff's history of filing obviously frivolous actions, granting leave to amend would be futile.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's requests for leave to proceed in forma pauperis in the above-listed actions are granted;

2.  Plaintiff is forewarned that the continued filing of obviously frivolous actions over which this court lacks subject matter jurisdiction may result in the imposition of pre-filing sanctions; and

/////

3

1          3.   The Clerk of the Court is directed to file and serve
2 this Order and Findings and Recommendations in each of the above-
3 listed actions.
4          IT IS HEREBY RECOMMENDED that these matters be dismissed
5 for lack of subject matter jurisdiction.  <u>See</u> Fed. R. Civ. P.
6 12(h)(3).
7          These findings and recommendations are submitted to the
8 United States District Judge assigned to the case, pursuant to the
9 provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after
10 being served with these findings and recommendations, plaintiff may
11 file written objections with the court and serve a copy on all
12 parties.  Such a document should be captioned "Objections to
13 Magistrate Judge's Findings and Recommendations."  Plaintiff is
14 advised that failure to file objections within the specified time may
15 waive the right to appeal the District Court's order.  <u>See</u> <u>Martinez</u>
16 <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
17 DATED: July 7, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

21 DAD:th
Ddad1\orders.prose\fallon.various.ifp.f&r

4